MEMORANDUM *
Elias Velgara-Chavez appeals his conviction for attempted illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), with a sentence enhancement pursuant to § 1326(b)(2), and challenges his 51-month sentence as substantively *217 and procedurally unreasonable. We affirm.
Velgara-Chavez contends that there was insufficient evidence that he had the specific intent to reenter the United States without the Attorney General’s consent. See United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1196 (9th Cir.2000) (en banc) (holding that specific intent is an element of attempted illegal reentry).
We disagree. Most significantly, the government presented evidence that Velgara-Chavez admitted in a sworn statement that he attempted to enter the United States illegally. Additionally, the government offered evidence that two weeks prior to Velgara-Chavez’s attempted reentry, Immigration and Customs Enforcement deported Velgara-Chavez and informed him that if he attempted to return to the United States without the Attorney General’s consent, he would be subject to prosecution for a felony.
Velgara-Chavez also challenges his sentence. He first asserts that the district court committed procedural error by failing to consider the nature and circumstances of his offense. See 18 U.S.C. § 3553(a)(1). The record shows the contrary.
Velgara-Chavez next contends that his sentence is substantively unreasonable because it over-emphasizes his criminal history and fails to reflect the innocuous way in which he committed his offense. Given the totality of the circumstances, including Velgara-Chavez’s significant criminal history, we cannot conclude that a 51-month sentence is unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.